UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Monnerville Rene

    v.                        Civil No. 05-cv-072-SM

Portsmouth Police Department, et al.[1]

**REPORT AND RECOMMENDATION**

Before the Court for consideration is plaintiff Monnerville Rene's complaint (document no. 3) filed pursuant to 42 U.S.C. § 1983. Rene complains that the defendants have violated his federal constitutional rights by using excessive force against him and discriminating against him on the basis of his race. As Rene is a prisoner proceeding *pro se*, the complaint comes before me for preliminary review to determine whether it states a claim upon which relief might be granted. See United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2). As discussed herein, I recommend that Rene's claims be dismissed as untimely and deny his request for court-appointed counsel.

---

[1] Rene names the Portsmouth Police Department as well as the following Portsmouth Police officers as defendants to this action: Corey MacDonald, Matthew Hester, Michael Maloney, Brian Stubbs, and Tim West.

Standard of Review

In reviewing a *pro se* complaint, the court is obliged to construe the pleading liberally.  See <u>Ayala Serrano v. Lebron Gonzales</u>, 909 F.2d 8, 15 (1st Cir. 1990) (following <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976) to construe *pro se* pleadings liberally in favor of the *pro se* party).  "The policy behind affording *pro se* plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  <u>Ahmed v. Rosenblatt</u>, 118 F.3d 886, 890 (1st Cir. 1997), <u>cert. denied</u>, <u>Ahmed v. Greenwood</u>, 522 U.S. 1148 (1998).

At this preliminary stage of review, all factual assertions made by the plaintiff and inferences reasonably drawn therefrom must be accepted as true.  See <u>Aulson v. Blanchard</u>, 83 F.3d 1, 3 (1st Cir. 1996) (stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true).  This review ensures that *pro se* pleadings are given fair and meaningful consideration.  See <u>Eveland v. Dir. of C.I.A.</u>, 843 F.2d 46, 49 (1st Cir. 1988).

Background

On January 7, 2002, at 1:35 a.m., Rene went to Bickford's restaurant in Portsmouth, New Hampshire. Rene claims he was denied service because he is African American, and that he received racist treatment from the restaurant manager and the waiter at Bickford's. At that time, Rene alleges that defendant police officer Corey MacDonald was at Bickford's and also treated Rene in a racist manner. Rene further alleges that as a result of the restaurant staff fabricating allegations that Rene was loudly using profanity at the restaurant, he was arrested and brutally beaten by MacDonald and the other named police officers.

Discussion

Congress did not provide a statute of limitations for § 1983 actions, so federal courts must borrow the personal injury limitations period and tolling provisions of the forum state. See Wilson v. Garcia, 471 U.S. 261, 276-80 (1985); Lopez-Gonzalez v. Municipality of Comerio, 404 F.3d 548, 551 (1st Cir. 2005). In New Hampshire, all personal actions, other than slander and libel, are governed by N.H. Rev. Stat. Ann. ("RSA") 508:4 I, which provides a three-year limitations period. See RSA 508:4 I (Supp. 1997). Rene alleges that his rights were violated by the

defendants in an incident that occurred on January 7, 2002. This suit was not filed until February 3, 2005. Because this suit was not filed within the three year time limit available to commence this action, I recommend that the action be dismissed in its entirety.

Rene has requested that this Court appoint counsel to represent him in this matter (document no. 5). Because I recommend dismissal of this action, I deny the motion to appoint counsel as moot.

Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. See <u>Unauthorized Practice of Law Comm. v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

                                                                                     _____
                                            James R. Muirhead
                                            United States Magistrate Judge

Date:    May 17, 2005

cc:      Monnervile Rene, *pro se*